IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG ALFORD, | : | |
|     Plaintiff, | : | 1:20-cv-1427 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN GARRY HODLE, *et al.*, | : | |
|     Defendants. | : | |

## **ORDER**

### **January 20, 2021**

NOW THEREFORE, upon consideration of this Court's Order (Doc. 23) granting Plaintiff's motion to proceed *in forma pauperis*, and it appearing that the "three strikes" provision of the Prison Litigation Reform Act of 1996 ("PLRA"), codified at 28 U.S.C. § 1915(g)[1], prohibits him from proceeding *in forma pauperis* as he has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim,[2] and there being no indication from Plaintiff's

---

[1] The United States Supreme Court recently clarified that dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice. *See Lomax v. Ortiz-Marquez*, — U.S. —; 140 S. Ct. 1721, 1727 (2020).

[2] *Craig Alford v. Kenneth Nevil*, 3:98-cv-0311-TIV (M.D.Pa. May 28, 1998) (dismissing complaint as frivolous pursuing to 28 U.S.C. § 1915e(2)(B)(1)); *Craig Alford v. District Attorney Mark Pazuhanich,* 3:98-cv-0692-TIV (M.D. Pa. May 28, 1998) (following grant of motion to proceed *in forma pauperis*, court dismissed complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii)); *Craig Alford v. Laquise, et al.*, 3:14-cv-0013-JMM (M.D.Pa. July 9, 2014) (dismissing complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and adding that "[t]his dismissal shall count as one strike against the plaintiff under 28 U.S.C. 1997(g)); *Craig Alvord v. Laquise, et al.*, No. 14-3350 (3d Cir., March 19, 2015) dismissing appeal pursuant to 28 U.S.C. § 1915e(2)(B); *Craig Alford v. Judge James Munley*, 1:14-cv-0921 (M.D.Pa. April 16, 2015) (granting *in forma pauperis* status and dismissing complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii)). *See also*, *Craig v. Pottieger*, 2:16-cv-0189-NIQA (E.D.Pa. January 25,

allegations[3] that, at the time he filed this action, he was "under imminent serious physical injury," 28 U.S.C. § 1915(g) (setting forth the three strikes rule which provides that an inmate who has three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury"), or that a threat of danger was real and proximate, *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (finding that the plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed and that allegations that he faced imminent danger in the past are insufficient to trigger the exception to section 1915(g)); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (concluding that the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate")[4], and, therefore, his claims fail to meet the imminent danger exception to section 1915(g), it is hereby ORDERED that:

1. Plaintiff's *in forma pauperis* status is REVOKED.

---

2016) (denying motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) based on a determination that he had three strikes).

[3] Plaintiff, at the time an inmate at the Monroe County Correctional Facility, Stroudsburg, Pennsylvania, initiated this action on August 12, 2020, raising, *inter alia*, denial of access to the courts, due process and equal protection violations, and allegations of cruel and unusual punishment. (Doc. 1).

[4] Although he alleges that he fears for his life "seeing the assaults/torture that is taking place from restrained inmates handcuffed and shackled", there are no allegations that he was in imminent danger at the time he filed the complaint. (Doc. 1, p. 5).

2. On or before February 5, 2021, Plaintiff shall TENDER to the "Clerk, U.S. District Court" payment in the amount of $402.00, which represents a statutory filing fee in the amount of $350.00 and a $52.00 Administrative Fee.[5]

3. Failure to comply with this Order will result in dismissal of the action.

4. Plaintiff's motion (Doc. 58) to appoint counsel is DENIED for the reasons set forth in the Court's prior Order (Doc. 51).

5. Plaintiff's motion (Doc. 54) to take depositions of prisoners is DENIED without prejudice to Plaintiff to obtain inmate statements, declarations or affidavits from prisoners through other permissible means.

        s/ John E. Jones III
        John E. Jones III, Chief Judge
        United States District Court
        Middle District of Pennsylvania

---

[5] To date, neither payment of the initial partial filing fee, nor any subsequent payments have been received by the Court.