IN THE UNITED STATES DISTRICT COURT FOR THE

21-1323        MIDDLE DISTRICT OF PA

IN RE: ALFORD v. HALIGE, et al. #1:20-CV-1427


APR 2 8 2021
U.S.C.A. 3rd. CIR

U.S.D.C.
Hon. JOHN E. JONES III — PRESIDING

## NOTICE of APPEAL

### STAY

PLEASE TAKE NOTICE THAT PLAINTIFF APPEALS HIS IN FORMA PAUPERIS STATUS THAT WAS GRANTED BY THIS COURT 9.24.20, THIS COURT TOOK ~~his~~ PLAINTIFF IFP STATUS, PLAINTIFF SOUGHT AN EXTENSION OF TIME TO PAY THE FULL FILING FEE UNTIL MAY 2, 2021 THIS COURT DENIED (IN PART) MY EXTENSION (WITHOUT CONSIDERING MY INDIGENT STATUS AND CLAIMS BEFORE THIS COURT THIS IN A SCHEDULING ORDER — DISCOVERY, DISPOSITIVE OF DEFENDANTS ' THAT PLAINTIFF WAS IN THE MIDDLE OF) AND ONLY GRANTED PLAINTIFF TWO WEEKS (KNOWING HE CAN'T PAY THE FULL TENSE) UNTIL FEB. 3, 2021 GOVERNING COGNIZABLE CLAIMS CLAIMS (1ST AND 8TH AMEND. VIOLATIONS OF THE U.S. CONSTITUTION OF A U.S. CITIZEN AND SERIOUS DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS AND COVID-19 OUTBREAKS WITH NO COVID-19 PROTOCOL WHATEVER, AUTHORIZES MISLEADING THE MEDIA AND THIS COURT IF THE OUTBREAKS OF SARS-COV-2 THAT ENTERS THE LUNGS BEGIN IS WHICH THAT IS SERIOUSLY HARMING AND KILLING PEOPLE (OVER 400K+ DEATHS AND COUNTING), AND DUE TO POSSIBLE (DEATH!!!) ALONE, THIS COURT SHOULD OF NOT RECINDED AND ALLOWED PLAINTIFF TO CONTINUE IFP AS A POOR PERSON. AND/OR ASK THIS COURT TO STAY THIS MATTER PENDING OUTCOME OF APPEAL GOVERNING IFP IN DISCOVERY FACE. THIS ORDER IS APPEALING TO THE 3RD CIR.

RESPECTFULLY SUBMITTED,
Craig Alford
Craig Alford
2.8.21

*REFUSE TO RETURN LEGAL WORK SUBMITTED*

From the Office of



**Lea Baylor**
**Director of Treatment**
**Monroe County Correctional Facility**

*IS TRYING TO GET ME TO LOSE COGNIZABLE CLAIMS BY DEPRIVING COPIES, PEN, PAPER, POSTAGE DENYING ACCESS TO THE COURT. I'M TAKING*

February 8, 2021

Re: Carl Alford

*FOOD / COSMETICS FOR SUCH.. 'ITS UNCONSTITUTIONAL...'*

This item was present and I/M was given copy to submit to courts, and returned the original on 2/5/21.

I/M is not Pro Se as reported on this case. Notify Attorney Cutaio of submission.

On 2/8/2021 I/M request additional copy. No purpose stated.

*DID STATE TO U.S.D.C. / 3RD CIR. / SUPERIOR COURT / Monroe County A CIE (SEE ENCLOSE)*

Lea Baylor/CADC, CCS
Director of Treatment MCCF

Request is approved/**denied** (please circle)

*COPIES*

Submitted to Warden Haidle

*DEPRIVATION OF COPIES', AND PEN, PAPER, POSTAGE CITING BOUNDS COURT #*

*COPIES OF FILINGS TO U.S.D.C. MIDDLE WHERE I DO NOT HAVE COUNSEL, ALSO, CUTAIO HAS BEEN INEFFECTIVE, CITING ABANDONMENT, AND REFUSAL TO STRATEGY, AND THIS DENIAL OF COPIES (IN VIOLATION OF THE SUPREME COURT OF U.S.) IS TO IMPEDE/INTERFERE WITH PROCESS...*

*AS CITING BEFORE THIS COURT*

# Inmate Request / Complaint / Sick Call Form
## Monroe County Correctional Facility

Name: ALFRD          CRAIG          AWARE

            Last           First         Middle

Date: 1 30 21          Block: A          Cell: # 11

Check One:

Request [ ✓ ]    Complaint [ ]    Sick Call [ ]

If Complaint Circle One:

Commissary   Laundry   Medical   Phone   Other (Explain Below)

Request / Complaint: I NEED (2) COPIES of MY LEGAL DOCUMENTS. PLEASE Cont RETRIEVE U.S.D.C. / PA SUPERIOR court... THANK YOU...

**\*If inmate request**
**\*Received By:** _____    Hotel # H9

Routed to:  Programs [ ]    Custody [ ]    Other [ ]

Answer:   Approved [ ]          Denied (State Reason) [ ]

_____ DENIED _____

Answered By: _____    Date: _____
          Title - Employee Name

Pink - Kept by Inmate          Yellow - Return To Inmate          White - To File

# Inmate Request / Complaint / Sick Call Form
## Monroe County Correctional Facility

Name: ALFORD   CPAIL   AUNDRE

| Last | First | Middle |

Date: 1 30 21   Block: A   Cell: _____

Check One:

Request [ ]   Complaint [✓]   Sick Call [ ]

If Complaint Circle One:

Commissary   Laundry   Medical   Phone   Other (Explain Below)

Request / Complaint: _____

*If inmate request

*Received By: _____   Hotel # 149

Routed to: Programs [ ]   Custody [ ]   Other [ ]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Answer:   Approved [ ]   Denied (State Reason) [ ]

DENIED

Answered By: _____   Date: _____

Title - Employee Name

Pink - Kept by Inmate        Yellow - Return To Inmate        White - To File

## Inmate Request / Complaint / Sick Call Form
## Monroe County Correctional Facility

Name: _ALFORD        CRAIG        AUNDRE_

        Last            First         Middle

Date: _2·3·21·_    Block: _A_    Cell: _#11_

Check One:

  Request [✓]    Complaint [ ]    Sick Call [ ]

If Complaint Circle One:

Commissary   Laundry   Medical   Phone   Other (Explain Below)

Request / Complaint: _I NEED (3) SETS OF_
_COPIES OF MY LEGAL MAIL._
_DOCUMENTS_
_Thank you"_

**\*If inmate request**
**\*Received By:** _Mc_    Hotel # ___

Routed to: Programs [ ]    Custody [ ]    Other [ ]

Answer:    Approved [ ]        Denied (State Reason) [ ]

_DERIVE_

Answered By: ___    Date: ___

    Title - Employee Name

Pink - Kept by Inmate        Yellow - Return To Inmate        White - To File

# Inmate Request / Complaint / Sick Call Form
## Monroe County Correctional Facility

Name: ALFORD     CRAIG     TUDRE

       Last       First       Middle

Date: 2-7-21     Block: A     Cell: 1

Check One:

Request [✓]     Complaint [ ]     Sick Call [ ]

If Complaint Circle One:

Commissary   Laundry   Medical   Phone   Other (Explain Below)

Request / Complaint: CAN You PLEASE PROVIDE
INDIGENT PACKAGE SO I CAN GET
MY LATE LEGAL DOCUMENTS
OUT...

THANK YOU.

**If inmate request*
*Received By: Magnli     Hotel # 97

Routed to: Programs [ ]     Custody [ ]     Other [ ]

Answer:   Approved [ ]     Denied (State Reason) [ ]

DENIED
AS INDIGENT

Answered By: _____ Date: _____

    Title - Employee Name

Pink - Kept by Inmate          Yellow - Return To Inmate          White - To File

# Inmate Request / Complaint / Sick Call Form
## Monroe County Correctional Facility

*LEFT DOCUMENTS TO BE COPIED*

Name: ALFORD    CRAIG    ANDRE
      Last       First       Middle

*SEE VIDEO SURVEILLANCE @ 2:52 @ 12:2 PM APPROX.*
                    #11

Date: 2-4-21      Block: A      Cell: 11

Check One:
   Request [ ]    Complaint [✓]    Sick Call [ ]

If Complaint Circle One:

Commissary   Laundry   Medical   Phone   Other (Explain Below)

*On 2-3-21 (AFTER SUBMITTAL & REDRAFT)*

Request / Complaint: C/O WELTHER SUBMITTED
TO MS WHITE (USDC / PA SUPERIOR CRT)
DOCUMENTS / MOTIONS THIS TODAY SHE
SAID SHE SUBMITTED TO VOR — WHY YOU
IS NOT JUST COPYING AND YOUR HOLDING
(OR SENT IN LEGAL DOCUMENTS — PLEASE ESQ)
**If inmate request** AND RETURN TO ME LEFT WEEKS...

*Received By: Hagrin       Hotel # 97

Routed to: Programs [ ]   Custody [ ]   Other [ ]

Answer:   Approved [ ]     Denied (State Reason) [ ]

_____

DENIED

_____

Answered By: _____ Date: _____
        Title - Employee Name

Pink - Kept by Inmate      Yellow - Return To Inmate      White - To File

# Inmate Request / Complaint / Sick Call Form
## Monroe County Correctional Facility

Name: ALFORD        CRAIG        AWAYNE

    Last        First      Middle

Date: 12/31/20        Block: RH2        Cell: #6

Check One:

Request [ ✓ ]    Complaint [ ]    Sick Call [ ]

If Complaint Circle One:

Commissary   Laundry   Medical   Phone   Other (Explain Below)

Request / Complaint: _I NEED (2) COPIES of A/ LEGAL WORK And I Am GOING TO NEED A-FA POSTAGE STAMP BOOK & a +41 TO WORD out 1/524-26 7th Amendment of 4th police access to legal copies of judicial & breach of disposition (Prisoner), final of service, 3 LETTERS to court, request for EXHIBITS, Notice of Disposition & Notice of missing/missing documents request for admission And interrogations 12 Documents please reprint documents (listed) To BE COPIED_

*if inmate request is mailed. Thank you.

*Received By: _____        Hotel # 131

Routed to:   Programs [ ]     Custody [ ]     Other [ ]

Answer:   Approved [ ]        Denied (State Reason) [ ]

_____  DENIED  _____

_____

_____

_____

Answered By: _____        Date: _____

    Title - Employee Name

Pink - Kept by Inmate        Yellow - Return To Inmate        White - To File

# Inmate Request / Complaint / Sick Call Form
## Monroe County Correctional Facility

Name: ALFORD            CRAIG        A
           Last           First          Middle

Date: 12-9-20      Block: Intake    Cell: 19

Check One:
  Request [✓]    Complaint [ ]    Sick Call [ ]

If Complaint Circle One:
Commissary   Laundry   Medical   Phone   Other (Explain Below)

Request / Complaint: I HAVE TO NOTIFY
AUTHORITIES (COURT) OF MY
CHANGE OF ADDRESS AND I NEED
15 COPIES FOR THE SET OF JUDICIAL NOTICE
A FREE JUDICIAL WRITING PAPER, LEGAL MAIL
AND ENVELOPES COPIES
PLEASE SEE TO CRP AS INDIGENT

**\*If inmate request**
**\*Received By:** Magnin            Hotel # 97

Routed to: Programs [ ]   Custody [ ]   Other [ ]

Answer:   Approved [ ]        Denied (State Reason) [ ]

_____
_____
DELIVED
_____
_____

Answered By: _____ Date: _____
           Title - Employee Name

Pink - Kept by Inmate        Yellow - Return To Inmate        White - To File

# Inmate Request / Complaint / Sick Call Form
## Monroe County Correctional Facility

Name: ALFORD        CRAIG        AUIORE

| Last | First | Middle |

Date: 1.7.21    Block: RHU    Cell: #6

Check One:

Request [✓]    Complaint [ ]    Sick Call [ ]

If Complaint Circle One:

Commissary   Laundry   Medical   Phone   Other (Explain Below)

Request / Complaint: I NEED COPIES OF
MY LEGAL MOTION TO THE
PA SUPERIOR COURT.

THANK YOU...

**\*If inmate request**
**\*Received By:** _____    Hotel # S2

Routed to:  Programs [ ]    Custody [ ]    Other [ ]

Answer:    Approved [ ]    Denied (State Reason) [ ]

DELIVERED

Answered By: _____    Date: _____

Title - Employee Name

Pink - Kept by Inmate        Yellow - Return To Inmate        White - To File

# Inmate Request / Complaint / Sick Call Form
## Monroe County Correctional Facility

Name: _Alfred_ _Ortiz_ _Andre_

Last       First       Middle

Date: _2 4 21_    Block: _A_    Cell: _#11_

Check One:

Request [ ]    Complaint [✓]    Sick Call [ ]

If Complaint Circle One:

Commissary   Laundry   Medical   Phone   Other (Explain Below)

Request / Complaint: _I Ntid (2) copies of_
_my orders his left sexual_
_____
_____
_____
_____

**\*If inmate request**
**\*Received By:** _Maggie_     Hotel # _07_

Routed to: Programs [ ]   Custody [ ]   Other [ ]

Answer: Approved [ ]    Denied (State Reason) [ ]

_____
_____
_____ DENIED _____
_____

Answered By: _____ Date: _____

Title - Employee Name

Pink - Kept by Inmate     Yellow - Return To Inmate     White - To File

# Inmate Request / Complaint / Sick Call Form
## Monroe County Correctional Facility

Name: ALCEDS     CRAIG     AUNDRE
_____
       Last            First           Middle

Date: 2/1-21        Block: A        Cell: #11

Check One:
  Request [✓]     Complaint [✓]     Sick Call [ ]

If Complaint Circle One:                    LEGAL MAIL...
                                            PROVIDE
Commissary  Laundry  Medical  Phone  Other (Explain Below)

Request / Complaint: I NEED (4) ENVELOPES to
UNIKELT TO TURN MAIL of MY
LEGAL MAIL... ENCLOSED is (2) ORDERS
I'M SEEKING RELIEF ON (20-3997)
AND (1427) PLEASE PROVIDE
ENVELOPES SO MY MAIL (LEGAL) CAN GO OUT.

*If inmate request
*Received By: _____  Hotel # _____

Routed to:  Programs [ ]     Custody [ ]     Other [ ]

Answer:  Approved [ ]          Denied (State Reason) [ ]
_____
_____
              DEPRIVED
_____
          TRADING  FOOD / COSMETIC.
Answered By: _____ Date: _____
         Title - Employee Name

Pink - Kept by Inmate      Yellow - Return To Inmate      White - To File
CC FILE
U S DC / 3RD C.R.

## Inmate Request / Complaint / Sick Call Form
## Monroe County Correctional Facility

Name: _Acfield    Chtt    Atdgg_

          Last          First         Middle

Date: _2·8·71_    Block: _B_    Cell: _#6_

Check One:
  Request [ ✓ ]    Complaint [ ]    Sick Call [ ]

If Complaint Circle One:
Commissary  Laundry  Medical  Phone  Other (Explain Below)

Request / Complaint: _I NEED (2) COPES of_
_LEFtz DOCUMENTS PLEASE._
_____
_____ THANK you ___
_____
_____

**\*If inmate request**
\*Received By: _Penn L_       Hotel # _149_

Routed to: Programs [ ]   Custody [ ]   Other [ ]

Answer:  Approved [ ]     Denied (State Reason) [ ]
_____
_____
_____ DELIVED _____
_____

Answered By: _____ Date: _____
        Title - Employee Name

    Pink - Kept by Inmate     Yellow - Return To Inmate     White - To File

## Inmate Request / Complaint / Sick Call Form
## Monroe County Correctional Facility

Name: ALFORD CRAIG AUDRE

Last      First      Middle

Date: 2·8·21    Block: E    Cell: ___

Check One:

Request [✓]    Complaint [ ]    Sick Call [ ]

If Complaint Circle One:

Commissary   Laundry   Medical   Phone   Other (Explain Below)

Request / Complaint: CAN YOU PLEASE SEE ME
AS YOU HAVE (2) OFFESET SUBMITTED
TO YOU YOU NEVER RETURNED, ABOUT
MY REQUEST FOR INDIGENT PACK SUPPLY
UNTIL CAN GET CHARGE UP (LEGAL)
AND I NEED MORE PAPER FOR MY

*If inmate request FILINGS TO THE COURT...
*Received By: _____ Hotel # 149

Routed to: Programs [ ]    Custody [ ]    Other [ ]

Answer: Approved [ ]     Denied (State Reason) [ ]

returned 2/9/21

NEVER RECEIVED BY BAYLOR
Craig address

Answered By: _____ Date: 2/9/21

Title - Employee Name

Pink - Kept by Inmate     Yellow - Return To Inmate     White - To File

US PAROLE — DIRC...

# Inmate Request / Complaint / Sick Call Form
## Monroe County Correctional Facility

Name: _____ ALFORD _____ CRHL _____ AWIFRE _____
          Last          First         Middle

Date: _2.8.21_     Block: _B_     Cell: _#6_

Check One:  Request [✓]     Complaint [ ]     Sick Call [ ]

If Complaint Circle One:
Commissary   Laundry   Medical   Phone   Other (Explain Below)

Request / Complaint: _Cnl you PLEASE SEE ME_
_AS you HAVE (2) GRIEFE I SUBMITTED_
_→ you VIEW THE RESULTS, ABOUT_
_MY REQUEST FOR INDIGENT PACK SUPP_
_UNTIL Cnl GET STARTED UP (LEGAL)_
_AND I NEED MORE PAPER FOR MY_
_FILINGS TO THE COURT_

*If inmate request
*Received By: _____     Hotel # _149_

Routed to:  Programs [ ]     Custody [ ]     Other [ ]

Answer:  Approved [ ]          Denied (State Reason) [ ]

_____
_REFUSE TO RECEIVE_
_____
_____

Answered By: _____     Date: _____
              Title - Employee Name

Pink - Kept by Inmate        Yellow - Return To Inmate        White - To File

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CRAIG ALFORD,                          :
           Plaintiff,          :          1:20-cv-1427
                                       :
    v.                               :          Hon. John E. Jones III
                                       :
WARDEN GARRY HODLE, *et al.*,  :
           Defendants.        :

## ORDER

**February 3, 2021**

NOW THEREFORE, upon consideration of Plaintiff's motion (Doc. 62) for

an extension of time to pay the filing fee, it is hereby ORDERED that:

1.  Plaintiff's motion is DENIED to the extent that he seeks an
    enlargement of time until May 2, 2021, to pay the fee.

2.  The motion is GRANTED inasmuch as Plaintiff is afforded an
    additional two weeks, until February 19, 2021. to TENDER to the
    "Clerk, U.S. District Court" payment in the amount of $402.00, which
    represents a statutory filing fee in the amount of $350.00 and a
    $52.00 Administrative Fee.[1]

3.  Failure to comply with this Order will result in dismissal of the action.

4.  No further requests for an enlargement of time to pay the fee will be
    entertained.

                      s/ John E. Jones III
                      John E. Jones III, Chief Judge
                      United States District Court
                      Middle District of Pennsylvania

---

[1]  To date, neither payment of the initial partial filing fee, nor any subsequent payments have been received by the Court.

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PA

IN RE: ALFORD V. HANDLE, et al.  # ____ 1:20-cv-1427

PRELIMINARY (INJUNCTION)

1) PLAINTIFF WAS RECLASSED AND TRANSFERED TO
NCP. on OCT. 9, 2020.. From GENERAL POPULATION.

2) WHILE AT NCP PLAINTIFF NOTIFIED THIS COURT
AND FILED WRITE OF HABEUS CORPUS CLAIM (for A RETAL.
RECLASSICAL TRANSFER, COVID19 NEGATIVE TEST, AND
on DEC. 9, 2020 WAS TRANSFERED BACK to MONROE
COUNTY AND PLACED ON MALES INTAKE QUARANTINE WITH
NEW COMMITS WHEN HE WAS TO GO BACK TO G.P. NOT
BE AROUND NEW COMMITS AFTER BEING 14 PRETRIAL
INCARCERATED FOR OVER 180 DAYS.

3) PLAINTIFF BELIEVES DEFENDANTS AFTER SUCH AN INMATE
ON HIM TO FIGHT (AN ISOLATED INCIDENT) AND WAS
PLACED IN RHU WITH A RELEASE FROM CUSTODY DATE OF
1.12.21... PLAINTIFF SCAPIN IN RHU UNTIL 1.14.21 AND
PURSUANT TO SGT. ARNOLD I WAS TO BE PLACED BACK
ON CPOD... (SEE GRIEVANCE RPTY @ THIS COURT BY SGT
Arnold)

4) PLAINTIFF WAS TOLD HE NOT GOING TO CPOD WHICH
IS NOTHING BUT ANOTHER RETALLATORY TACTIC BY
DEFENDANTS TO IMPEDE, INTERFERE WITH THE LEGAL
PROCESS WITH HIMSELF (DENYING PENS, POSTAGE, PAPER
COPIES) AND TO INTERFERE WITH (IN HELPING OTHERS
AS WELL AS A JAILHOUSE LAWYER.
            WHEREFORE, THIS COURT SHOULD GRANT AN
EXTRAORDINARY RELIEF AND AUTHORIZE BY ORDER TO
PUT ME BACK ON CPOD (WHERE I BELONG..

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PA

IN RE: ALFORD V. HAIDLE, et.al. # 1427# 1:20-cv-1427


BRIEF IN SUPPORT OF PRELIMINARY
INJUNCTION


TO THE HONORABLE, JUDGES OF SAID COURT:

AND NOW COMES PETITIONER/PLAINTIFF CRAIG
ALFORD FILES THIS BRIEF IN SUPPORT OF A PRELIMINARY
INJUNCTION TO STOP THESE RETALIATORY TACTIC FROM
DEFENDANTS WHO'S SOLE PURPOSE IS TO INTERFERE, IMPEDE,
INJURE, INTIMIDATE, HARASS AND ARE CONSPIRING TOGETHER
TO VIOLATE CIVIL RIGHTS WHICH ARE CRIMES AND AVERS
THE FOLLOWING IN SUPPORT THEREOF:

1) PLAINTIFF IS CURRENTLY IN RHU AFTER BEING ATTACKED
BY AN ADAM PFIEFER IN MALE INTAKE WHILE QUARANTINED
WITH A NEW COMMIT, WAS GIVEN 14 DAYS RHU TIME
FOR FIGHTING, PFIEFER MADE BAIL, AND ALFORD'S RHU
RELEASE DATE FROM RHU WAS 1.12.21 (RFC) BUT
REMAINED IN RHU THEN TOLD HE WOULD REMAIN IN
PERMANENT (S) B/POD STATUS FOR UNJUST REASONS
AND SOLE PURPOSE IS TO KEEP ME AWAY FROM
CO-LITIGANTS IN C.POD, AND FROM HELPING OTHERS IN
THEIR LEGAL MATTERS, AND IN OCT. 9, 2020 DEFENDANTS
RETALIATED ON PLAINTIFF AND SHIPPED HIM TO
NORTHAMPTON COUNTY JAIL BECAUSE HE SOUGHT ACCESS
TO THE COURT TO REDRESS HIS GRIEVANCES, AND IN DEC.
9, 2020 PLAINTIFF WAS TRANSFERED BACK MONROE
COUNTY JAIL AND PLACED IN MALE INTAKE, NOTIFIED
AUTHORITIES I HAD A COVID-19 NEGATIVE TEST IN OCT. 05,
2020 BUT WAS PLACED IN CELL #9 IN INTAKE WITH A

new commit (Wilson Ciserios) who was fresh from the street, then Alford who watched with Wilson and Pfiffer attacked Alford in the dayroom to defend himself and fought Pfiffer back, was placed in RTU for 14 days, still in RTU, and now told he is permanent B-Status when he left here from general population C-Pod and returned with a negative COVID-19 test (left in blues) came back in blues and was to be placed back on C-Pod cell #32 where I was at before this unconstitutional 1st amendment retaliatory transfer, and now defendants continue to interfere and impose in the legal process by separating my from inmates on C-Pod who he was helping with non-frivolous claims and a class action he has with other inmates that the 3rd Cir. stated they couldn't all our signatures but they are stopping me from perceiving such, wherefore, the court should grant a preliminary injunction and to stop these retaliatory tactics or make it so where we is a class @ Lora et al. v. Baylor, et al. #3297 3rd Circuit court pending litigation..., our Rule #600 violation @ Monroe Superior court, and other inmates I was assisting since Monroe County Jail don't have no assistance at all...

PRELIMINARY INJUNCTION RELIEF

2) Preliminary injunction are governed under the same standard, the party seeking preliminary injunctive relief has the burden of demonstrating 1) a reasonable probability of success on the merits, 2) irreparable harm if the injunction is denied, 3) that the issuance of an injunction will not result in greater harm to the non-moving party, and, 4) that the public interest would best be served by

GRANTING THE INJUNCTION; COUNSIL OF ALTERDATIVE
POLITICAL PARTIES v. HOOKS 121 F3d 876, 879 (3d
CIR. 1997), OPTICIANS ASS'N OF AMERICA V.
INDEPENDENT OPTICIANS OF AMERICA, 920 F.2d 187,
191-92 (3d CIR. 1990)... THE COURT SHOULD ISSUE
THE INJUNCTION only IF THE MOVANT PRODUCES
EVIDENCE SUFFICIENT TO CONVINCE THE TRIER JUDGE
THAT ALL (4) FACTORS FAVOR PRELIMINARY RELIEF...
OPTICIANS, 920 F2d @ 192 CITING ECRI V.
MCGRAW-HILL, INC. 809. F.2d 223, 226 (3d. CIR.
1987)... INJUNCTIVE RELIEF MUST BE THE only
WAY of PROTECTING THE PLAINTIFF FROM HARM... INSTANT
AIR FREIGHT CO. V. C.F. AIR FREIGHT INC, 882 F.2d
797, 801 (2d CIR. 1989)... ENTITLEMENT TO PRELIMINARY
INJUNCTED RELIEF UNDER RULE 65 PLAINTIFF MUST
DEMONSTRATE BOTH MERITS, LIKLIHOOD TO SUCCESS,
IRREPARIBLE HARM IF THE RELIEF IS NOT GRANTED... ABU
-JAMAL V. PRICE, 154 F.3d 128, 133 (3d CIR. 1988)...
HARM IMMINENT A PROBABLE... STILP V. CONTINO,
629 F. SUPP. 2d 449, 466 (M.D. PA. 2009)... PRODUCE
SUFFICIENT EVIDENCE... SUTTON V. CERULLO, NO. 10-1899,
2014 U.S. DIST. LEXIS 110116, 2014 WL 3900235 @ 5...


RESOLUTION


3) ITS UNCONSTITUTIONALTE TO PUNISH FOR EXERCISING 11
ONES FEDERAL RIGHTS... HERE, DEFENDANTS 1ST HOUSE
PLAINTIFF IN RHU FOR (2) EXTRA DAYS 1.12.21 (RFC) TO
1.14.21 THEN PLACE HIM ON 22+2 LOCK DOWN SO HE
CANNOT GO TO C.POD TO IMPEDE, INTERFERE, ABRIDGE
OR IMPAIR MY RIGHTS AND ACCESS TO THE COURT, AND
MY FEDERAL RIGHTS, "INCLUDING COMMUNICATION WITH
COURTS - ITS BEEN THE LAW OF THE LAND THAT A
STATE AND ITS OFFICERS CANNOT ABRIDGED OR IMPAIR
RIGHTS" WHICH IS EXACTLY WHAT DEFENDANTS ARE DOING
TO PLACE HIM (ME) IN 3 PRUDENT B-STATUS... AND

These vindictive violations this court need to vindicate past violations and prevent future deprivations.. The Honorable Judge Jan E. DuBois (3d Cir) and to retaliate because I use the grievance system, access the courts, assisting other inmates in legal issues and my role as a class representative, to retaliate all from outgoing correspondence I had a constitutional right to send, this jail failure to protect indulging in gladiator style type matches this court held in Castle (Castle v. Clymer, 15 F.Supp.2d 640 3d Cir.) and retaliation for exercising of my constitutional right and to stop me from going to C-Pod where I should of went upon my return (not went a new count) was/is unconstitutional to not send me to C-Pod and placement or B status was retaliatory to stop me from pursuing legal grievance/class this is non-frivolous I was pursuing for others before the retaliation transfer.. and as this court held in Castle the court held that retaliation is unconstitutional and I can be awarded compensatory damages for retaliation.. and defendant actions is motivated by evil intent and reckless or callous indifference to the federally protected rights of others... Allah Severing... see Bridges v. Gilbert, 557 F.3d 541.. A jailhouse lawyer retaliated upon for assisting others in exercising their right to access to the courts has a claim under 1982... when staff begin to harass and intercepts staff a claim.. and prospected relief is to correct the violation of federal rights of a particular plaintiff.. preliminary injunctive relief to correct this harm the court finds - requires preliminary relief.. the law clearly establishes that prison officials may not retaliate against or harass a prisoner for exercising

4.

THE RIGHT TO ACCESS TO COURT AND THERE IS
NO QUALIFIED IMMUNITY DEFENSE.. THAT IF I WOULD
OF NOT HAD THIS SUIT FILED, THE INCIDENT OF
RETALIATION WOULD OF NOT OCCURED ... DEFENDANTS ARE
TRYING TO STOP US FROM PEACEABLY TO ASSEMBLE AND
PETITION THE GOV. FOR A REDRESS OF GRIEVANCES AND I
SURVIVE, BY SUFFICIENT SHOWING, EACH ELEMENT OF A
U.S. CONST. RETALIATION CLAIM AND RELIEF SHOULD BE
GRANTED.. THADDEUS-X V. BLATTER, 175 F 3d 378
(6 TH C.R. 1999)...


RELIEF SOUGHT

#) TO PLACE ME BACK ON CIPOD WHERE I WAS
AT BEFORE WHEN THEY RETALIATED (C.POD) I GOT
MYSELF BACK (CHARGE A 1ST AMEND. RETALIATION
TRANSFER) WAS PLACED ON MALE INTAKE AFTER
BEING IN PRETRIAL INCARCERATION FOR 6 MONTHS, A
COVID-19 NEGATIVE TEST (OCT. 15, 2020 AND WHEN
RETURN (BECAUSE NCP TEST ALL NEW COMMERS, MONROE
COUNTY DON'T) AND PLACED WITH A NEW INMATE WITH
SOMEONE FROM THE STREETS (NEW) RISKING MY LIFE OF
COVID-19 ( WHICH IS ONE OF MY CLAIMS) AND THIS NEW
INMATE HAD SIGNS OF T.B... AND HANDLE ON WBRC
13 NEWS ON 1·12·21, DEC. 23, 2020, DEC. 10, 2020
LIED AND MISLED INFORMATION TO THE MEDIA ABOUT
COVID-19 OUTBREAK THATS HAPPENING WITH STAFF
AND INMATES ( A·POD TURNED INTO COVID-19 BLOCK, J·POD
AND H·POD NOW RETU WAS CLEARED OUT, PLACED ON
A·POD WHERE COVID CASES WAS , AND RETU IS COVID
HOLD NO MIXING GERMS ... WILL WE HAVE TO WAIT
UNTIL SOMEONE DIES).. INSTRUCT DEFENDANT TO STOP
RETALIATING THAT ITS UNCONSTITUTIONAL.. TO PROVIDE
POSTAGE, PEN, AND COPIES AS NEEDED AS AFFORD IS
WRITING ALL BY HAND AND RED PENS DRY THAT LEFT
TO ) TO EITHER SEEK HELP FROM FELLOW

PEN
DEAD

inmate and having to wait weeks months to mail legal mail out all to interfere and impede in the process. And there is no penological interest for an isolated incident they could of easily avoided with proper placement but they rather risk me catching Covid-19... It will be in the interest of justice to grant a preliminary injunction or Plaintiff will suffer irreparable harm at the hands of defendants.

WHEREFORE, I pray, this court grant a preliminary injunction, instruct defendants to stop retaliating, provide postages, pen, and copies as need, and immediately place me back to C.Pod...

RESPECTFULLY SUBMITTED,
Craig Alford
Craig Alford
1.14.21

PROOF OF SERVICE

I HEREBY CERTIFY THAT I HAVE ON THIS DAY SERVED A COPY OF THE FOLLOWING AND IN THE MANNER INDICATED BELOW, TO SATISFY THE RULES OF THE COURT.

SERVICE BY 1ST CLASS MAIL, POSTAGE PREPAID TO:

GERARD GELLER, ESQ.          GARRY HANDLEY
712 MONROE ST.               M.C.C.F.
STROUDSBURG, PA 18360        4250 MANOR DRIVE
                             STROUDSBURG PA 18360

CERTIFICATION

I HEREBY DECLARE, UNDER THE PENALTY OF PERJURY THAT THE INFORMATION HEREIN IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEFS.

By: Craig Wall
    Craig Wall
    2.4.21



IN THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF PA

IN RE: ALFORD v. HAIDLE, et al. #1:20-CV-1427

37(a)(1) MOTION TO COMPEL /

61(b) SANCTION FOR DISCOVERY ABUSE /
OPPOSITION TO DEFENDANT'S ANSWER TO MY
REQUEST FOR PRODUCTION OF DOCUMENTS

COVID-19 CRISIS 30 CHARGES /
INMATES CONFINED NOT (2) EXH AS EXH... QUOTES

TO THE HONORABLE, JUDGES OF SAID CASE:

PLEASE BE ADVISED, THAT NOT (1) OF THE
DEFENDANT'S ATTORNEY'S FILINGS IS SUPPORTED BY
28 U.S.C. #1746 UNDER THE PENALTY OF PERJURY
AND THAT THE INFORMATION IS TRUE AND CORRECT,
HOWEVER, THIS COURT HAS ACCEPTED ALL GERARD
KEEFER FILINGS... BECAUSE OF HE DO SUBMIT A
DECLARATION OF SUCH, IN THIS COURT, I CAN CHARGE
GERARD KEEFER ESQ. OF PERJURY UNDER THE PENALTY
OF PERJURY FOR MAKING 'FALSE STATEMENTS' AND
MISLEADING THIS COURT THAT MUST NOT BE OVERLOOKED
I OPPOSE HIS FILINGS TO THIS COURT 1-20-21 AND
I CITE SANCTIONS FOR DISCOVERY ABUSE BY KEEFER
AND I ASK THIS COURT TO IMPOSE SANCTIONS (AS
MAY BE JUST) INCLUDING PAYMENT OF REASONABLE
EXPENSES AND ATTORNEY FEES $154.00, AND FOR
ABUSING THE DISCOVERY PROCESS IN RESISTING
DISCOVERY, IN ADPROPRIATE TO OTHER REMEDIES, I
ASK THIS COURT TO NOTIFY 'THE ATTORNEY GENERAL
OF THE UNITED STATES' IN A PUBLIC WRITING THAT THE
UNITED STATES THROUGH ITS OFFICERS OR ATTORNEY'S
HAS FILED WITHOUT GOOD CAUSE TO COMPETES IN
DISCOVERY AND ABUSES THE DISCOVERY PROCESS BY
FAILING TO TURN OVER RELEVANT MATERIAL (AFTER
REQUEST) IN THE ABOVE CAPTION CASE (SEE L.R. #37-1)
AND AVERS THE FOLLOWING IN SUPPORT THEREOF:

1.

(.) I SUBMITTED ON DEFENDANTS A REQUEST FOR PRODUCTION
OF DOCUMENTS AND TANGIBLE THINGS (ELECTRONICALLY STORED
INFORMATION) FOR RELIEF TO PROVE MY COGNIZABLE
CLAIMS TO FED. R. CIV. P. RULE 34(a) AND ON 12.21.00
AND THE DEFENDANTS TIMELY FILED A REPLY TO
SUCH 1.20.21

2) THEY SAY MY QUESTIONS WERE NOT ENTIRELY
LEGIBLE BUT THEY ANSWERED ALL MY QUESTIONS BUT
FAILED TO TURN OVER DOCUMENTS AND GAVE OF AN OBJECTION,
OR FAILED TO SUBMIT DOCUMENTS THAT WOULD NOT
COMPROMISE THE SECURITY AND SAFETY OF THE INSTITUTION,
NOR A HIPPA VIOLATION, AND NOW, MORE THAN ENOUGH
REASON THIS COURT SHOULD 'APPOINT COUNSEL TO RETRIEVE
ANALYSIS, AND CLIP SPECIFIC FOOTAGE OF MY CLAIMS..'

3) I OPPOSE THE DEFENDANTS ANSWER @1 AND THEY
SHOULD BE FORCED TO TURN OVER VIDEO FOOTAGE OF INTAKE
INTAKE WHICH WILL PROVE THEY MOVE/SHIFT (2) TO A CELL
IN QUARANTINE TO DISPUTE THAT DEFENDANTS ARE OBVIOUSLY
(1) TO A CELL AND WILL PROVE THEY ARE MIXING AND
MINGLING NEW COMMITS QUARANTINE WITH GENERAL POP
INTAKE UNIT (TOP TIER - INTAKE / BOTTOM TIER - NEW COMMITS) AND I DID STATE A
ANGLE OF EVERY (CELLS)...

4) I OPPOSE THE DEFENDANTS ANSWER @2 AND THEY
SHOULD BE FORCED TO TURN OVER LOG BOOKS SHOWING
CELL PLACEMENT WHICH WILL PROVE THEY MIXING NEW
COMMITS WITH COMMITS BEEN CONFINED FOR DAYS, GENERAL POP
WHICH WILL PROVE PLAINTIFFS CLAIMS AND IT'S NOT
BURDENSOME AND IS RELEVANT TO MY CLAIMS AND WILL
NOT BE A SECURITY THREAT..

5) I OPPOSE THE DEFENDANTS ANSWER @3 BECAUSE
NOT ONLY DID HE NOT SUBMIT ALL MY GRIEVANCES,
NOR EVIDENCE OF OTHERS ABOUT THESE CLAIMS AND

2

THEY (GEIGER) MISLEAD THIS COURT BECAUSE NOTHING WAS ATTACHED IN HIS ANSWER AND HE PERJURED HIMSELF GIVING FALSE STATEMENTS TO THE COURT

6) I OPPOSE DEFENDANTS ANSWER @4 SEE MY OPPOSITION @5 HEREIN...

7) I OPPOSE DEFENDANTS ANSWER @5 BECAUSE NO ACCOUNT STATEMENT WAS ATTACHED AS HE STATES AND MISLEAD THIS COURT COMMITTING PERJURY ABTH

8) I OPPOSE DEFENDANTS ANSWER @6 THE GRIEVANCE WAS NOT ILLEGIBLE BECAUSE GEIGER QUOTED IT WORD FOR WORD AND PROVE MY CLAIM OF INDIGENT INMATES CANT MAIL OUT VITAL LEGAL DOCUMENTS (AS ALLEGED) BECAUSE THEY ONLY PROVIDE (5) ENVELOPES A MONTH, AND, I HAVE TO CITE REALMS COURT ETC. TO GET THE COPIES (ALL THIS RED TAPE) AND HE MISLEAD THIS COURT ABTH INTO BELIEVING I SEEK COPIES FOR OTHER INMATES WHEN I'M SEEKING COPIES, PEN, PAPER, AND POSTAGE FOR MYSELF...

THESE SAME BOOKS, AND LEXIS/NEXIS WE CANNOT PRINT FROM NOR DO THEY HAVE COPIES OF LAW RULES IMPEDING, INTERFERING IN THE FAILURE OF LEGAL ACCESS AND ATTACH CASE LAW/RULES/STATUTORY PROVISIONS IN SUPPORT THEREOF. THE LIBRARY IS INADEQUATE AND WHY THEY SHOULD SUPPLY A HANDBOOK... (SEE INMATE HANDBOOK PAGE 10 SUBMITTED AS EXHIBITS) PRIOR FILINGS

9) I OPPOSE (OBJECT) AND CHARGE GEIGER WITH PERJURY IN THIS COURT OF LAW (@ DEFENDANTS ANSWER #7) NOT ONLY DID HE MISLEAD THIS COURT WHEN HE STATES (3) INMATES AND (1) STAFF HAS STOPPED POSTAGE WITH COVID-19 WHEN TODAY 1.29.21 THEY GOT INMATE &/OR INFO TESTED POSITIVE... FURTHERMORE, OR STOP ABOVE APPROX. 11 WAS TESTED POSITIVE OR CIPOD (SEE MEDICAL

3-

RECORDS APPROX. 2 MONTHS AGO) KEEPER, JOHN, TAYLOR, PERIZA, SANTOS TO HAVE A FEW WHO TAKEN OFF C.POD, TESTED POSITIVE, AND ESCORTED TO J. BLOCK, AND MOVED TO A.BLOCK (MAX) WHICH BECAME QUARANTINE BLOCK, THEN THEY HAD A MAX WITH NEW OWNERS ON MALE SIDE RIGHT NOW, AND RED. IS THE NEW QUARANTINE POSITIVE COVID-19 UNIT (SEE STATEMENT OF ENCLOSURE) AND AL LEASE 10 GUARDS AS THE GUARDS HERE AND ITS CALLED HAS FILED A CIVIL MATTER AGAINST HAIDLE FOR HOW HE HANDLED THE PANDEMIC (C/O LEADERS, LOCKETT, etc.) AND (46) ON E.POD (GIRLS) HAD COVID-A... WHEN SOMEONE HAS TO DIE, AND ENCLOSED I CHARGE BREER WITH THE CRIME OF PERJURY BY GIVING THESE STATEMENTS TO THIS COURT.

10.) I OPPOSE DEFENDANTS ANSWER @ 8 AND ENCLOSED YOU WILL SEE THAT THEY HAVE A POLICY OF NOT COPYING FROM LEGAL BOOKS, AND THERE IS NO PRINTER TO PRINT CASE LAW, AND WE LEFT TO WRITE MOTIONS BY HAND (SO DON'T CRY BOUT ILLEGIBILITY) AND THERE ARE NO AVAILABILITY NOR IS THERE ANY ASSISTANCE OF THE LEGAL MATTERS HERE DENYING ACCESS TO COURT.

11) I OPPOSE DEFENDANTS ANSWER @ 9 AND DEFENDANTS SHOULD ADMIT THAT STAFF SITS ON ATTORNEY-CLIENT RELATIONSHIP PHONE CALLS.. I SUBMIT, AND THE VIDEO WILL PROVE CHO, SAN, ABE SITS IN PHONE CALLS TO CLIENTS

12) I OPPOSE DEFENDANTS ANSWER @ 10 ... THIS VIDEO FOOTAGE IS RELEVANT AND NOT A SECURITY RISK AND WILL PROVE CHO SITS IN ON PHONE CONVERSATIONS.

13) I OPPOSE DEFENDANTS ANSWER @ 11 AND SUBMIT THEY HAVE A POLICY OF NOT SENDING OUR LEGAL CERTIFIED MAIL RETURN RECEIPT, AND REVIEWING LEGAL MAIL AS WITNESS

4.

and not mail it at all and when ask to send certified mail us. Pattern (Baylor States ( Do you got money in your account ???) Because of you said they will not mail it... And Attin officer perjured himself with the states (the jail has paid for certified mail) which is a lie that all certified mail sent inmates had the money on other account. And continue to try to justify their actions saying its for other inmates, which is a lie, because I for my own filings in court. And lately I traded (trays/meals) cosmetics as soap to mail certified mail off as they continued to deprive me of such only supplied (5) envelopes but admit I have other relevant filings.. I have been appointed without assistance, cruel geet and/or violations, and I've been filing pro se to preserve my (rights) in court..

14) Geter continue to commit perjury by giving false statements to this court when MCCF records the confidentials in this jail... so I charge her with perjury today for his answer @ 12 for defendant.

15) I oppose defendants answer @ B and to not a HIPAA matter to know how many covid19 cases are in this jail... we not asking for names, social security #'s etc... this could be blacked out.. but they don't want to cover because not only will it prove perjury, but most of all, it will prove my claims..

Wherefore, I oppose defendants answer, its vexatious but a cover up to not turn over discovery materials which he should be sanctioned, and because these matters are in dispute, it shows go before a jury to resolve or pretrial hearing conferences.

By: Chief Asani
5.     1-28-21     Chief Asani

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PA

IN RE. ALFORD v. HUIDGE, #1:20-cv-1427

BRIEF IN SUPPORT
MOTION TO COMPEL

TO THE HONORABLE, JUDGES OF SAID COURT:

FIRST, I SUBMIT, NOT ONE OF THE DEFENDANTS
GEIGERS FILING WAS SUBMITTED UNDER THE PENALTY
OF PERJURY 28 U.S.C. §1746 AND GERHARD GEIGER
HAS COMMITTED THE CRIME OF PERJURY IN THIS
COURT, AND THIS MATTER SHOULD NOT BE ONE SIDED.
FOR THE WHEN PLAINTIFF FAILED TO FILE A BRIEF HIS
FILINGS WAS DISMISSED, NOW HERE GEIGER DOES NOT
FILE UNDER THE PENALTY OF PERJURY, NONE OF HIS
FILINGS SHOULD BE ACCEPTED BY THIS COURT AS WELL.
I SUBMIT GEIGER HAS COMMITTED PERJURY IN THIS
COURT OF LAW NUMEROUS TIME AND SHOULD BE
PROSECUTED FOR SUCH...

(.) PURSUANT TO F.R.CIV.P. §34(a) I REQUESTED FROM
GEIGER REQUEST FOR PRODUCTION OF DOCUMENTS,
ELECTRONICALLY STORED INFORMATION OR TANGIBLE THINGS
BUT GEIGER IS ABUSING DISCOVERY AND SHOULD BE
SANCTIONED FOR ABUSING DISCOVERY PROCESS WITHOUT
GOOD CAUSE SHOWN... HE HAD 30 DAY TO SUBMIT
AND DID NOT SUBMIT NOTHING AT ALL AND WHERE HE
SAID HE ATTACHED ANYTHING, NOTHING WAS ATTACHED TO
HIS FILINGS 1:20:21 AND THERE IS NO CERTIFICATION UNDER
THE PENALTY OF PERJURY.

2. EVEN THOUGH HE OBJECTS, IT MUST ALLOW INSPECTION
OF THE REST. RULE 34(b)(2)(B)-(C) F.R.CIV.P.

(.

3) I STATED SPECIFICALY THE ITEMS I WANT
PRISE OFFICALS TO PERMIT ME TO INSPECT AND
POSSIBLY COPY ( RULE 34(b)(1)(A) F.R.CIV.P.   AND I
GAVE THEM A SPECIFIC TIMELINE, LIST THAT I
KNOW EXIST. AND REQUEST TO INSPECT SUCH ITEMS
M.C.C.F. AND BEING SUCH QUANTITIES ARE INVOLVED THE
DEFENDANTS COULD OF SENT IT SENT CLOSE TO VIOLATION
THIS COURT WOULD THEN TOGETHER THINKS AND OFFEY DISPUTE.
I ALSO SOUGHT ( AS INDIGENT) FOR FEES TO PAY FOR ANY
COPIES ETC. FOR THIS COURT... I DESCRIBED TO
THE COURT MY INDIGENCY STATUS AND THIS HON. COURT
SHOULD DIRECT OR PREPARE THE DEFENDANTS TO GIVE US
THE RECORDS, RECORDS THAT WANTS CAN BE REACHED DUE
( SEE WINDSOR v. MARTINDALE,   F.R.D.
1991)          BRANDON      ISARD      140      328, 329 ( M.D.PA
ALFORD HAS MADE A SHOWING HE CANNOT AFFORD TO PAY

4.) PLAINTIFF ALFORD SEEKS AN ORDER TO COMPEL THE
DEFENDANTS TO TURN OVER DISCOVERY AND BY THE
DEFENDANTS REFUSING TO TURN OVER OR COMPLY WITH
DISCOVERY I ASK THEY TO BE SANCTIONED, PAY
ME MY FEES OF $154.00 AS TO RULE 37(a)(2)
F.R.CIV.P. I ASK FOR AN ORDER TO FORCE DEFENDANTS
TO TURN OVER DISCOVERY... ( ALSO SEE LR 37.() AND I
ASKED FOR A MEET AND CONFER AND ASKED FOR (3)
CONFERENCES WITH GEIGER WHO IGNORED MY REQUEST
AND GEIGER OBJECTIONS IS A STALL TACTICS AND A
REFUSAL TO TURN OVER EVIDENCE RELEVANT THAT WILL
PROVE MY CLAIMS AND GEIGER PERJURED HIMSELF.. I
CANTESTED ALL GEIGER OBJECTIONS AND ASK THIS
COURT TO RESPOND TO PRIVILEGE DISPUTES AND DIRECT
THAT DOCUMENTS BE PRODUCED IN CAMERA TO THE CASE
AND RULE ON THE DISPUTE AFTER INSPECTING THE DOCUMENTS
( WINDSOR v. MARTINDALE, 175 F.R.D. (605, 671-72 ), AND IN EITER,
HIS RESPONSE (GEIGER) AS BURDENSATE, IRRELEVANT WAIVED
OBJECTIONS ( SEE CALDWELL V. CENTER FOR CORRECTIONAL HEALTH

2

AND POLICY STUDIES, 228 F.R.D. 40, 42 — (FAILURE TO PRODUCE LOG IS WAIVER). I FURTHER SUBMIT, THE DEFENDANTS DID NOT SUBMIT OR PRODUCES A PRIVILEGE LOG TO ESTABLISH EACH ELEMENT OF PRIVILEGE CLAIMED... A PRIVILEGE LOG TYPICALLY IDENTIFIES EACH DOCUMENT AND THE PERSONS WHO WERE PARTIES TO THE COMMUNICATION. AND FOR SURE OF I DO NOT FOLLOW OR COMPLY WITH THE RULES THE DEFENDANTS HAS A FEW OF MY MATTERS DISMISSED FOR FAILURE TO FILE A BRIEF. ALL THEIR FILINGS WITH NO CERTIFICATION UNDER THE PENALTY OF PERJURY OR NO BRIEF ATTACHED AS WELL (AS THIS (1.20.21 FILING) SHOULD NOT BE ACCEPTED BY THE COURT (SANDERS v. CITY OF N.Y., 218 F. SUPP. 2d 538, 543 — $5000 SANCTION IMPOSED FOR FAILURE TO PRODUCE DISCOVERY TIMELY...)... TARLTON V. CUMBERLAND COUNTY CORRECTIONAL FACILITY, 192 F.R.D. 165, 169-71 (D.N.J. 2000) (RULE 37(C)(1) F.R. CIV. P. CITING RULE 26(e)(1) IMPOSING SANCTION OF ATTORNEY FEES AND EXPENSES AGAINST DEFENDANT WHO FAILED TO MAKE INITIAL DISCLOSURE... AND REFUSED OBJECTIONS FOR DEFENDANTS ARE MERITLESS... NOR DO WE STATE WHO HAS THEIR DOCUMENTS AND WHERE THEY CAN BE RETRIEVED. REFUSED BASICALLY REFUSED DISCOVERY, ABUSED DISCOVERY, AND FOR THAT THEY MUST BE OBLIGATED TO FURNISH SUCH BY ORDER (COMPEL) OR SANCTION THEM FOR DISCOVERY ABUSE.

WHEREFORE, I FILE THIS BRIEF IN SUPPORT THAT DEFENDANTS SHOULD BE SANCTIONED FOR (L.R. 37) ABUSING DISCOVERY, PAY ME FEES OF $154.00, BE CHARGED WITH PERJURY TO $1746, OR COMPEL THEM TO TURN OVER DISCOVERY BECAUSE IT IS RELEVANT AND WILL PROVE MY CLAIMS AND PERJURY, BUT THERE NO CERTIFICATION, THEIR FILINGS SHOULD NOT BE ACCEPTED, NOR IS IT ACCOMPANIED BY BRIEF.

3.

RESPECTFULLY SUBMITTED,
Craig J. Cooper
1.29.21

each interrogatory or subsection thereof for insertion of the answer or objection and supporting reasons for the objection. If there is insufficient space to answer or object to an interrogatory, the remainder of the answer or objection shall follow on a supplemental sheet. The answers shall be under oath.

**LR 33.2 Interrogatories, Supplemental Answers to.**

Upon discovery by any party of information which renders that party's prior answers to interrogatories substantially inaccurate, incomplete or untrue, such party shall serve appropriate supplemental answers with reasonable promptness on all counsel or parties.

**LR 33.3 Interrogatories, Number of.**

Interrogatories to a party, as a matter of right, shall not exceed twenty five (25) in number. Interrogatories inquiring as to the names and locations of witnesses, or the existence, location and custodian of documents or physical evidence each shall be construed as one interrogatory. All other interrogatories, including subdivisions of one numbered interrogatory, shall be construed as separate interrogatories. If counsel for a party believes that more than twenty five (25) interrogatories are necessary, counsel shall consult with opposing counsel promptly and attempt to reach a written stipulation as to a reasonable number of additional interrogatories. Counsel are expected to comply with this requirement in good faith. In the event a written stipulation cannot be agreed upon, the party seeking to submit additional interrogatories shall file a motion with the court showing the necessity for relief.

**LR 36.1 Requests for Admission, Number of.**

Requests for admissions to a party, as a matter of right, shall not exceed twenty five (25) in number. All requests for admissions, including subdivisions of one numbered request for admission, shall be construed as separate requests for admissions. If counsel for a party believes that more than twenty five (25) requests for admissions are necessary, counsel shall consult with opposing counsel promptly and attempt to reach a written stipulation as to a reasonable number of additional requests for admissions. Counsel are expected to comply with this requirement in good faith. In the event a written stipulation cannot be agreed upon, the party seeking to submit additional requests for admissions shall file a motion with the court showing the necessity for relief.

**LR 36.2 Requests for Admissions, Form of Objections to.**

Objections to requests for admissions pursuant to Fed.R.Civ.P.36 shall identify and quote verbatim each request for admission to which objection is made and the supporting reasons for the objection.

**LR 37.1 Discovery Abuse, Sanctions for.**    *Don't turn over discovery / your ass is grass / mules...*

In addition to the application of those sanctions specified in Local Rule 83.3, the court may impose upon any party or counsel such sanctions as may be just, including the payment of reasonable expenses and attorney's fees, if any party or attorney abuses the discovery process in seeking, making or resisting discovery. In an appropriate case, the court may, in addition to other remedies, notify the Attorney General of the United States in a public writing that the United States, through its officers or attorneys, has failed without good cause to cooperate in discovery or has otherwise abused the discovery process.

...

*I want video / all that shit.*

## Statement

On November 22nd 6 inmates where called to pack thier things at about 5pm that they where being moved. The where abouts where unknown till 2 refused. A white shirt (LT) zito ) was called an arrived with back up to forcefully remove the inmates whose names where called. They We where then removed from C block and escorted to J block with out any reason indicting as to why. We sat in J block for about a hour until we were told why where removed, and then tested for covid 19. The next day we all where moved to A block along with 4 other inmates and housed their until our results came back. ⅞ We Where not told anything further until Nov. 30th when we all allegedly came back positive for Covid 19, at that time several other inmates where arriving at A block and being housed with us for the same reason, so they where being told. We all stood on A block until Dec 4th after several of us refused to bunk up with people that came after us to quarantine. No results where ever physically giving to any inmate, nor where we retested before returning to C-POD.

I verify that I am the petitioner as designated in the present action and that the facts and statements contained in the above petition are true and correct to the best of my Knowledge. I understand that any false statements are made subject to the penalties of 18 Pa C.S. § 4904, relating to unsworn falsification to authorities.

Carlos M. Santos
(print)

Demitrus Taylor
Demitrus TAylor

Carlos Santos
(signature)

Glenroy Keiper

01-02-2021
(Date)

Erisker Peraza

*C*

# Monroe County Correctional Facility

25

## Inmate Grievance Form

Inmate's Name: _Miguel Rosario_ ___ OCA # _2019-000 1113_

Date Grievance requested _12/8/2020_ Date Grievance given to inmate _12/9/2020_

Grievance Tracking Number _____ _2020-C-06142_

Completed grievance received by Grievance Coordinator on _____

**Inmate Filing Grievance:**
Complete Parts I and II of this form using clear, specific and brief statements. Attach any request slips
which will verify your attempt to resolve this issue with correctional staff and/or supervisors.

**Part I:** State your grievance clearly. If you need more space attach a separate sheet of paper.
You provided in accurate statements to the news, you are also still accepting new
commits which puts us at risk and the people who post bail's family at risk being said that on
this pod 6 individuals tested positive for covid and were brought back to the block without having
then test negative. You put the entire C pod at risk I have asthma and presumonia which puts m
at high risk. You are responsible for the outbreak in the building and peoples lives.

**Part II:** Action or relief requested.
Call District Attorney's office stop new committs and reduce amount of inmates
in jail to contain virus. Also test entire C pod for covid-19, and house
1 inmate per cell not 2, you will be held responsible for every individuals life
in this building.

**Certification:** I submit this grievance in good faith, having exhausted all other remedies and without
the intent to harass. I affirm that all statements I have given are true and correct. I understand that I
have guarantee against reprisal but also understand that I may face disciplinary action if I have filed this
grievance under false pretenses or intentionally made false statements.

_Miguel E Rosario_ ___ _Miguel E Rosario_
Inmate's Signature ___ Inmate Print Name

**Grievance Response — Step 1**

Answered by _____ Date: _____

_____

_____

_____

_____

_____

I, Inmate_____do not agree with the response in Step 1
**and would like this grievance to be sent to the final grievance step.
I understand the Final Step, answered by the Warden/designee is the final step in the
grievance process and shall be considered final.**

_____ ___ _____
**Inmate Signature** ___ **Print name and date**

**Grievance Response — Final Step**
Answered by Warden _Warden Wolfe_ ___ Date: _12/31/2020_
All protocols Are being followed in the correctional setting

_____

_____

_____

_____

Golden rod copy kept by inmate prior to original submission
Pink copy kept by inmate if submitted to Final Step
Upon final response yellow copy to grievance file, white copy to inmate

NOTE!
CONTINUED
INMATES (52)

PER: (CORRECTION #... CELLS...
CAUGHT COVID-19... AND FOR AS MUCH AS W THE
HUNDREDS, AND SHE DIDN'T WANT TO QUARANTINE.)
SO GEISER SHOULD BE CALLED WHAT PERJURY...

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PA

IN RE: ALFORD V. HAIDLE, et al. #1: 20-CV-1427

SANCTION FOR DISCOVERY ABUSE/
PERJURY AGAINST GEISER, ESQ./
PERJURY AGAINST HAIDLE, WARDEN

TO THE HONORABLE; JUDGES OF SAID COURT:

Pursuant to information obtained, Monroe
county Correctional officers (TEAMSTER LOCAL
UNION 773) ARE SUING HAIDLE, THE County of
MONROE etc. FOR WORKERS COMP. FOR Not
BEING PAID WHILE THEY WAS OUT FOR COVID-19
THEY CAUGHT IN THIS JAIL, AND AVERS THE
FOLLOWING IN SUPPORT THEREOF:

1) OFFICER FREEMAN, LOCKLEY, LEONARD, OCULA AND
NUMEROUS OTHER GUARDS His CAUGHT COVID-19 IN
THIS JAIL, WAS OUT FOR (2 PLUS WEEKS WITHOUT
PAY), AND ARE FILING A CIVIL COMPLAINT (BY
THE UNION) TO GET WORKERS COMP. FOR DAYS
MISSED OUT OF WORK DUE TO COVID-19 EXPOSURE...

2) IN DOC. 13 PAGE 11 FOOTNOTE AUGUST 31, 2020
COMMITTED PERJURY TO THIS COURT TO 28 USC #1746
AND AGAIN IN THEIR STATEMENT (ANSWER) @ 7 PAGE
4 DATED 1:20:21 AND COMMITTED PERJURY WHEN HE
STATES THIS JAIL ONLY HAS (3) CASES AND (1) GUARD.

3) ON DEC. 10, 23 AND JAN. 12 HAIDLE LIES TO

1.

WBRC 13 News 6pm - 7pm News that there
was (NO) outbreaks in this Jail... And not only
the log books, video surveillance, of A·POD,
J·POD, and now there are COVID-19 blocks
(see 1.14.21 @ 18m of us moving off there being
turned to COVID-19 Block...) that must not be
overlooked and why the records, log books, and
video surveillance is relevant because it will
prove an staff and/d. violence, and deliberate
indifference to our, and the others medical
needs (including every female of F·POD) caught
COVID-19... with I have to catch it, or die to
get the help we need...

4) Geiger, Esq. Has committed the crime of
   perjury to 28 U.S.C. §1746 that must not
   be overlooked and he is also about the law,
   no one is, I'm submitting documented evidence
   in support thereof, and the will of (773) civil
   suit forthcoming etc... proves my claims so
   Gerard Geiger, Esq. of Newman Williams, P.C.
   Must be charged with perjury and charged
   with 42 U.S.C. §1985(1)(2)(3) conspiracy to
   interfere with civil rights; 18 U.S.C. §242, §241
   conspiracy against civil rights; and 18 U.S.C.
   §245 authorizes the AG to enforce and
   punish (these are crimes) nobody is above
   the law, because for sure if I with (2)
   or more intention is to oppress, threaten, intimidate,
   injure a U.S. citizen and this must not be
   overlooked. —

                              By: Craig Alford
                                  Craig Alford
                                  1.29.21

                    2

IN THE COURT OF COMMON PLEAS - MONROE County

PPC# 1697 - CRIMINAL CONDUCT

## PETITION FOR REVIEW

TO THE HONORABLE, JUDGES OF SAID COURT:

AND NOW, COMES CRAIG ALFORD WHO FILES THIS PETITION FOR REVIEW OF THE DENIAL OF PLAINTIFF TO FILE CRIMINAL CHARGES BY THE OFFICE OF THE D.A. AND AVERS THE FOLLOWING IN SUPPORT THEREOF:

(1) PETITIONER FILED A 1983 CIVIL COMPLAINT AGAINST DEFENDANTS AND DEFENDANTS ATTORNEY (GERARD GEIGER, ESQ. #44099) ON AUGUST 31, 2020 COMMITTED PERJURY TO THE U.S. D.C. MIDDLE DISTRICT IN ALFORD V. WHIDLE, etal #1427 IN DOCUMENT (13) PAGE 11 FOOTNOTE AND LIED TO THE COURT STATING "MCCF QUARANTINES NEW INMATES IN SINGLE CELLS FOR THE FIRST 2 WEEKS OF THEIR INCARCERATION AND HE HAD NO COVID OUTBREAKS" IN PARA. (SEE EXHIBIT "A" - ENCLOSED) AND SIGNED UNDER THE PENALTY OF PERJURY (SEE EXHIBIT "B") WHEN IN FACT HE COMMITTED PERJURY IN A COURT OF LAW BY MAKING A FALSE STATEMENT UNDER OATH OR EQUIVALENT AFFIRMATION, OR SWEARS, OR AFFIRMS THE TRUTH OF A STATEMENT MADE... HOWEVER, THE RECORDS WILL REFLECT M.C.C.F. & HOUSING (2) SOMETIMES (3) TO A CELL FOR (2) WEEKS, AND/OR IF ONE MOVES AND SOMEONE QUARANTINED FOR 10 DAYS THEY WILL MOVE A NEW COUNTER(S), THEY DO NOT HAVE COVID19 PROTOCOL, AND THE OUTBREAKS OF GUARDS AND INMATES AT THIS JAIL IS SO SEVERE (GUARDS OUT 2 WEEKS WITH NO PAY AND MAX (A-POD) TURNED INTO A COVID-19 BLOCK AND MAX INMATES PLACED IN INTAKE W/ NEW COUNTS...)

WHEREFORE, FOR THESE FOREGOING REASONS MY CHARGE OF PERJURY (WHICH CAN BE EASILY PROVED), SHOULD PROCEED IN A COURT OF LAW TO 18 Pa.c.s. #4902...(SEE SUBPOENAES)

RESPECTFULLY SUBMITTED,
Craig Alford 1-84
Craig Alford

1.

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF: **MONROE**

Magisterial District Number: MDJ-43-2-01

District Justice Name: Hon. KRISTINA ANZINI

Address: 822 A ANN ST.
STROUDSBURG, PA 18360

Telephone: ( ) 570-420-8492

Docket No.:

Date Filed:

OTN:

(Above to be completed by court personnel)

**PRIVATE**

**CRIMINAL COMPLAINT**

**COMMONWEALTH OF PENNSYLVANIA**

VS.

DEFENDANT:

NAME and ADDRESS

GERARD J. GEIGER
712 MONROE ST.
STROUDSBURG, PA 18360

(Fill in defendant's name and address)

Notice: Under Pa.R.Crim.P. 506, your complaint may require approval by the attorney for the Commonwealth before it can be accepted by the magisterial district court. If the attorney for the Commonwealth disapproves your complaint, you may petition the court of common pleas for review of the decision of the attorney for the Commonwealth.

Fill in as much information as you have.

| Defendant's Race/Ethnicity | Defendant's Sex | Defendant's D.O.B. | Defendant's Social Security Number | Defendant's SID (State Identification Number) |
|---|---|---|---|---|
| ☑ White ☐ Asian ☐ Black ☐ Hispanic ☐ Native American ☐ Unknown | ☐ Female ☑ Male | N/A | N/A | N/A |

| Defendant's A.K.A. (also known as) | Defendant's Vehicle Information - Plate Number | State | Registration Sticker(MMYYY) | Defendant's Driver's License Number | State |
|---|---|---|---|---|---|
| N/A | N/A | | N/A | N/A | |

I, CRAIG ALFORD

(Name of Complainant - Please Print or Type)

do hereby state: (check the appropriate box)

1. ☑ I accuse the above named defendant who lives at the address set forth above
   ☐ I accuse the defendant whose name is unknown to me but who is described as _____

   ☐ I accuse the defendant whose name and popular designation or nickname is unknown to me and whom I have therefore designated as John Doe

   with violating the penal laws of the Commonwealth of Pennsylvania at 712 MONROE ST, STROUDSBURG,
   PA 18360 / 235 N. WASHINGTON ST, SCRANTON, PA 18501
   (Place-Political Subdivision)

   in MONROE County on or about AUGUST 31, 2020.

   Participants were: (if there were participants, place their names here, repeating the name of above defendant)
   GERARD J. GEIGER, BARRY HANSE, NEWMAN / WILLIAMS —
   A PROFESSIONAL CORPORATION

2. The acts committed by the accused were:
   (Set forth a summary of the facts sufficient to advise the defendant of the nature of the offense charged. A citation to the statute allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section and subsection of the statute or ordinance allegedly violated.)

   ON AUGUST 31, 2020 GERARD J. GEIGER COMMITTED THE ACT OF
   PERJURY TO SECTION 4902 OF THE CRIMES CODE 18 Pa.c.s. §4902,
   A FELONY OF THE 3RD DEGREE. WHEN HE STATED @ DOCUMENT 15
   PAGE 11 THAT "THE MCCF QUARANTINES NEW INMATES IN SINGLE CELLS
   FOR THE FIRST 2 WEEKS OF THEIR INCARCERATION AND HAS NO COVID
   OUTBREAKS IN ALFORD v. HALDEY, et al #1427 TO THE COURT MAKING A
   FALSE STATEMENT UNDER OATH OR EQUIVALENT AFFIRMATION, OR SWEARS OR
   AFFIRMS THE TRUTH OF A STATEMENT MADE, WHEN IN FACT, MCCF IS

   /.

(Continuation of No. 2)

**PRIVATE CRIMINAL COMPLAINT**

Defendant's Name: GERARD J. GEIER

Docket Number:

QUARANTINING NEW COMMITS (2) TWO INMATES (SOMETIMES 3) IN A CELL
FOR 2 WEEKS AND WILL MOVE A NEW COMMIT WITH SOMEONE
QUARANTINED FOR DAYS AND PERJURED HIMSELF TO A COURT OF LAW
AND COMMITTED A CRIME... I HAVE DOCUMENT HE COMMITTED THE
CRIME OF PERJURY AND THE LOG BOOKS/VIDEO SURVEILLENCE WILL
PROVE HE COMMITTED PERJURY...

all of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act of Assembly, or in violation of _____18_____ and _____Pa.C.S. §4902_____
    (Section)                        (Subsection)
of the _____Pa. C.S._____
            (PA Statute)

3.  I ask that process be issued and that the defendant be required to answer the charges I have made.

4.  I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 Pa.C.S. § 4904) relating to unsworn falsification to authorities.

_____DECEMBER   15_____, 2010            _____Craig a. Paul_____
                                                (Signature of Complainant)

Office of the Attorney for the Commonwealth ☐ Approved ☐ Disapproved because: _____

_____            _____    _____
(Name of Attorney for Commonwealth - Please Print or Type)    (Signature of Attorney for Commonwealth)    (Date)

AND NOW, on this.date _____, _____, I certify that the complaint has been
properly completed and verified.

_____            _____    **SEAL**
(Magisterial District)                        (Issuing Authority)

It is apparent from Alford's supplement that officers wear masks. Because he saw someone not wear a mask, this does not equate with deliberate indifference.[2] He also identifies no defendant who is responsible for an errant missing mask.

### G.    Warden Haidle's Personal Involvement

Plaintiffs' complaint describes no personal action of Warden Haidle.

If Plaintiffs' claim is that the Warden is liable for the actions of his subordinates, and that is by no means clear, there still can be no liability. The Warden is not liable for the acts of any employees who may have been under his supervision because this is improper respondeat superior liability. *Capone v. Marinelli*, 868 F.2d 102, 106 (3d Cir. 1989) (citing *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976)). "Supervisory personnel are only liable for the § 1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct." Id., at 106 n.7. Since there are no allegations supporting this theory, this defendant has no personal Section 1983 liability. If Alford is blaming Haidle for not reviewing his grievances because the warden is the

---

[2] The MCCF quarantines new inmates in single cells for the first 2 weeks of their incarceration and has had no COVID outbreaks. For this reason, we do not believe that Alford could amend his complaint to state a cause of action.

11

Certificate of Service

I hereby certify that on this date, I served a true and correct copy of

the foregoing document on the pro se plaintiff via 1st class mail, addressed

as follows:

> Craig Alford
> SPECIAL MAIL – OPEN ONLY IN
> THE PRESENCE OF THE INMATE
> 4250 Manor Drive
> Stroudsburg, PA 18360

NEWMAN | WILLIAMS

By: _____
Gerard J. Geiger, Esquire
Attorney I.D. # PA 44099

Date: August 31, 2020

15

5. *Account statements of mines since 6/7/20.*

   **Answer:** See attached.

6. *Monroe County policy of case law and legal books/documents.*

   [handwritten: BUT QUOTE WORD FOR WORD.]

   **Answer:** The question is illegible, but defendants will try to answer what they believe the plaintiff is requesting. The policy, with respect to the plaintiff, is as follows. Plaintiff has no funds on his account to purchase items and is considered indigent. An indigent inmate receives one pen, tablet and five stamped envelopes every month. Plaintiff's requests for copies have been honored and as of January 5, 2020, the MCCF has made 276 copies for him so far. However, the MCCF will not provide plaintiff with copies for other inmates so he can act as their legal counsel.

   In terms of access to a law library, the MCCF has subscriptions to LEXIS/NEXIS and Thomson Reuters which contain a broad range of legal research materials. Additionally, there is a branch of the Eastern Monroe Public Library at the jail. Plaintiff has borrowing privileges there and can request other materials in the Library's collection.

7. *How many cases of COVID-19 are at the jail, and how many of people in federal population tested* [handwritten: POSITIVE GENERAL]

   [handwritten: 50 + INMATES]

   **Answer:** As of January 5, 2021, the positive cases include three inmates and one staff member. [handwritten: 30+ GUARDS IS THE TRUTH.]

8. *Policy to access law library, type motions, print case law, or _____ law books.*

   **Answer:** See policies in the MCCF Inmate Handbook relating to the law library. Plaintiff was provided with a copy of that handbook upon

Craig Alford #9411066
M.C.CF.
4250 Manor Drive
Stroudsburg, PA 18360

RECEIVED
APR 2 8 2021
U.S.C.A. 3rd. CIR





U.S. I.S.
X-RAY

office of the Clerk
Third Circuit Court of Appeals
601 Market Street
Philadelphia, PA 19106

19106